UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


RALPH CARR (#444427)

VERSUS                                    CIVIL ACTION

NATE CAIN, ET AL                          NUMBER 12-702-JJB-SCR


## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 1, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RALPH CARR (#444427)

VERSUS                                          CIVIL ACTION

NATE CAIN, ET AL                                NUMBER 12-702-JJB-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Ralph Carr.

For the reasons which follow, the petition should be dismissed as untimely.

### Background

Petitioner was charged by three separate bills of information in the Nineteenth Judicial District Court for East Baton Rouge Parish, Louisiana.   On September 24, 2007, pursuant to a plea agreement, the petitioner pled guilty to all charges.

Specifically, the petitioner was charged by a Bill of Information in docket number 4-06-0455 with one count of manslaughter.  Pursuant to a plea agreement, the petitioner entered a guilty plea to the charge.  In a separate Bill of Information in docket number 3-07-0480 the petitioner was charged with illegal use of weapons and possession of a firearm by a convicted felon. Pursuant to a plea agreement, the petitioner pled guilty to the

offense of illegal use of weapons and the reduced offense of attempted possession of a firearm by a convicted felon.  In a third Bill of Information in docket number 9-06-0612 the petitioner was charged with illegal possession of stolen firearms, possession of a firearm by a convicted felon and possession of cocaine.  Pursuant to a plea agreement, the petitioner pled guilty to possession of cocaine and the reduced charges of possession of stolen things valued between $300 and $500 and attempted possession of a firearm by a convicted felon.

On direct appeal the petitioner asserted the following assignment of error:

> 1. the trial court imposed a sentence more onerous than that called for by the terms of the maximum sentencing cap stated by the trial court.

The Louisiana First Circuit Court of Appeal affirmed the petitioner's convictions and remanded for re-sentencing in accordance with the plea agreement.  *State of Louisiana v. Ralph Carr,* 2008-1295, 2008-1296 and 2008-1297 (La. App. 1st Cir. 12/23/08) (unpublished opinions).  On January 9, 2009, the petitioner was re-sentenced.  Petitioner did not appeal the amended sentence.

On July 28, 2009, the petitioner filed a Motion to Correct an Illegal Sentence and to Vacate an Illegal Plea Bargain Agreement in the Nineteenth Judicial District Court.  The trial court denied the motion on February 10, 2010.

Petitioner signed an application for post-conviction relief ("PCRA") on September 11, 2010 and it was filed in the trial court on December 21, 2010.  Petitioner asserted the following grounds for relief:

1.   He was denied effective assistance of counsel when:

    a.   counsel failed to adequately investigate or conduct interviews of witnesses;

    b.   counsel failed to investigate any evidence in the possession of the State;

    c.   counsel failed to prepare a defense and discuss a defense with the petitioner;

    d.   counsel neglected his duty to contest the State's case against the petitioner;

    e.   counsel failed to conduct an interview of the petitioner about the case and possible favorable witnesses;

    f.   counsel failed to investigate the petitioner's mental history;

    g.   during the guilty plea proceeding counsel advised the petitioner that his mental health would be investigated after he entered a guilty plea;

    h.   counsel failed to enter a plea of not guilty by reason of insanity; and,

    I.   counsel failed to object when the petitioner was sentenced above the sentencing cap.

2.   His conviction was not knowing and voluntary.

The trial court denied the PCRA on July 14, 2011.

On September 29, 2011, the petitioner sought review in the Louisiana First Circuit Court of Appeal.  The Louisiana First

3

Circuit Court of Appeal denied review on December 5, 2011. *State of Louisiana v. Ralph Carr*, 2011-1819 (La. App. 1st Cir. 12/5/11). On January 24, 2012, the petitioner sought review by the Louisiana Supreme Court, which denied review on September 12, 2012. *State ex rel. Ralph Carr v. State of Louisiana*, 2012-0275 (La. 9/12/12), 98 So.3d 810.

Petitioner mailed his federal habeas corpus application on November 5, 2012, and it was filed on November 8, 2012.[1]

No evidentiary hearing is required.

## Applicable Law and Analysis

### A. Timeliness

The respondent argued that the petitioner's federal habeas corpus application is untimely.

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period runs

---

[1] Petitioner did not sign his original habeas corpus application. Petitioner was ordered to correct deficiencies in his pleadings and subsequently filed a signature page. Record document number 5. Petitioner signed and dated the signature page indicating that the writ of habeas corpus was placed in the prison mail system on November 20, 2012. Obviously, this is not the date the original § 2254 application was mailed. For purposes of calculating the timeliness, the court will assume the federal writ application was submitted to prison officials on November 5, 2012, the date it was mailed, which is a date more favorable date to petitioner.

from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection.  A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998).  A court must look to state law to determine whether a state habeas application conforms to the state's procedural filing requirements. *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009).

A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).  An application ceases to be "pending" within the meaning of § 2244(d)(2) when the petitioner fails to timely file an application for supervisory review at the next level. *Id*. at 407.  A state court's subsequent decision to allow review may toll the time relating directly to the application, but it does not change the

5

fact that the application was not pending prior to the application. *Id*. After the period for appeal or seeking discretionary review has lapsed, an application ceases to be pending, but a subsequent properly filed application entitles the petitioner to additional tolling beginning at the time of the "proper" filing. *Id*.

Petitioner's conviction became final on February 9, 2009.[2] From the date the petitioner's conviction became final on February 9, 2009, until July 28, 2009, the date the petitioner filed his

---

[2] For purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2003) ("[A] conviction becomes final at the conclusion of direct review or when the time for such review has expired, as specified by AEDPA, regardless of when state law says finality occurs."). Normally that time expires 90 days after the state court of last resort enters its judgment. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). But when the defendant concludes his state-court direct appeal before it reaches the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*. This federal rule applies even where state law provides that finality occurs on a different date. *Compare* La. Code Crim. Proc. art. 922(B) (providing that the court of appeal's judgment becomes final under Louisiana law fourteen days after the rendition of judgment in all cases in which an application for a writ of review is not filed with the Louisiana Supreme Court), *and* La. Sup. Ct. R. X, § (5)(a) ("An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ...."), *with Roberts*, 319 F.3d at 693 n. 15 (noting that the judgment of an intermediate court of appeals is not final under Texas law until the mandate has issued), *and id.* at 694-95 (rejecting the argument that the mandate-issuance date should determine finality under AEDPA).

The convictions and sentences became final on February 8, 2009, which was a Sunday. Thus, the time period was extended to the next business day for the court, which was Monday, February 9.

Motion to Correct an Illegal Sentence and to Vacate an Illegal Plea Bargain Agreement, 168 days of the limitations period elapsed. The trial court denied the Motion to Correct an Illegal Sentence and to Vacate an Illegal Plea Bargain Agreement on February 10, 2010. Petitioner had 30 days to seek review in the appellate court. Petitioner did not seek appellate review.

From March 12, 2010, 30 days after the date the trial court denied the Motion to Correct an Illegal Sentence and to Vacate an Illegal Plea Bargain Agreement, until September 11, 2010, the date the petitioner filed his PCRA, 182 days of the limitations period elapsed.[3]

From September 11, 2010, the date the petitioner filed his PCRA until September 12, 2012, the date Louisiana Supreme Court denied review, the court will assume, without deciding, that the limitations period remained tolled.[4] From the date the Louisiana

---

[3] Petitioner did not sign and date his PCRA form. The memorandum in support of his PCRA was signed on September 11, 2010, but it was not filed until December 21, 2010. There is no explanation in the record for the three month delay, and it is more likely that the petitioner did not actually mail the PCRA on September 11, 2010. Ordinarily, unless the petitioner established that he delivered the PCRA to prison officials for mailing on an earlier date, the court would use the date the PCRA was filed, i.e., December 21, 2010, to determine timeliness. However, because the petitioner's § 2254 habeas corpus application is untimely regardless of which date is used, the court will accept for purposes of determining timeliness that the PCRA was filed on September 11, 2010, a filing date which is more favorable to the petitioner.

[4] The state court records supports finding that the
(continued...)

Supreme Court denied review, until November 5, 2012, the date the petitioner mailed his federal habeas corpus application, 53 days of the limitations period elapsed.  By the time the petitioner filed his federal habeas corpus application, 403 days of the limitations period had elapsed.[5]  Petitioner's federal habeas corpus application was not timely filed.

Nor is there any basis in the record for equitable tolling. The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000).  The doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.

---

[4](...continued)
limitations period was not tolled during this time.  Petitioner did not timely seek review by either the Louisiana First Circuit Court of Appeal or the Louisiana Supreme Court.  Because the petitioner's federal habeas corpus application is otherwise untimely, the additional number of days of the limitations period which elapsed has not been calculated.

[5] Although the entire state court record was not filed in response to the court's January 7, 2013 order, the portions of the state court record produced are sufficient to determine timeliness of the petitioner's federal habeas corpus application.  Moreover, the dates are not in dispute.

2006).  Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005).

A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Ralph Carr be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, April 1, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE